UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE ALPHAS COMPANY, INC., | ) | |
| | ) | |
| Petitioner/Appellant, | ) | CIVIL ACTION |
| v. | ) | NO. 11-12076-JGD |
| | ) | |
| EMPACADORA GAB, INC., | ) | |
| | ) | |
| Complainant/Appellee. | ) | |

# MEMORANDUM OF DECISION AND
# ORDER ON COMPLAINANT'S MOTION TO DISMISS

July 10, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The Petitioner, The Alphas Company, Inc. ("Petitioner" or "Alphas") has brought this action for appellate review of a final reparation order ("Reparation Order") that the Secretary of Agriculture issued against Alphas, and in favor of the Complainant, Empacadora GAB, Inc. ("Complainant" or "Empacadora"), pursuant to the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a et seq. ("PACA"). The matter is before the court on Empacadora's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 12). Under § 499g(c) of PACA, an appeal "shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court,

plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail." 7 U.S.C. § 499g(c). By its motion, Empacadora contends that Alphas has failed to comply with the bond requirement, and that its failure deprives this court of subject matter jurisdiction over the appeal.

As described below, while the First Circuit has not resolved the question as to whether the bond requirement is jurisdictional, it is nevertheless clear under the law of this Circuit that Alphas' failure to file a bond that meets any of the requirements of section 499g(c) renders its appeal ineffective. Therefore, and for all the reasons detailed herein, Empacadora's motion to dismiss is ALLOWED, and the matter is hereby dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

When ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010). Additionally, "[t]he district court may . . . 'consider whatever evidence has been submitted, such as the depositions and exhibits

submitted.'" Id. (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).[1]

Applying this standard to the instant case, the relevant facts are as follows.

This matter arises out of an administrative action that Empacadora brought against Alphas before the Secretary of Agriculture. Therein, Empacadora asserted that Alphas had failed to pay the full purchase price due on ten truckloads of fresh produce that the Complainant had shipped from its facility in Texas to Alphas' facility in Chelsea, Massachusetts during the time period from January 5, 2009 to February 20, 2009. (PACA Compl. ¶¶ 4-9).[2] By its administrative complaint, Empacadora sought to recover $67,577.50 in unpaid invoice balances from Alphas. (Reparation Order at p. 8). The parties waived their right to an oral hearing, and the Secretary considered the dispute in accordance with the documentary procedure set forth in 7 C.F.R. § 47.20. (Id. at p. 1).

On August 11, 2011, the Secretary of Agriculture issued a Reparation Order awarding reparations to Empacadora in the amount of $65,357.94, plus interest, as well as the $500 fee that Empacadora had paid to file its complaint. (Id. at p. 17). Alphas subsequently filed a Petition for Reconsideration, which was denied on October 25, 2011.

---

[1] In accordance with the relevant standard, this court has considered (1) Alphas' Petition and Notice to Appeal an Administrative Decision and Order (Docket No. 2) ("Pet."); (2) the Reparation Order issued by the Secretary of Agriculture on August 11, 2011 and attached to Empacadora's Memorandum of Law (Docket No. 13) as Exhibit A; (3) the Business Services Bond ("Bond") attached as Exhibit A to Alphas' Opposition to the motion to dismiss (Docket No. 16); (4) the Declaration of John S. Alphas ("Alphas Decl.") attached as Exhibit A to Alphas' Memorandum of Points and Authorities (Docket No. 17); and (5) documents contained in the administrative record before the Secretary of Agriculture (Docket No. 6).

[2] The PACA Complaint can be found in the administrative record (Docket No. 6).

(Petition (Docket No. 2) at p.1). Accordingly, the Secretary directed Alphas to pay the amounts set forth in the Reparation Order. (Order on Reconsideration at p. 3).[3]

Following its receipt of the Secretary's Order on Reconsideration, Alphas attempted to resolve the matter through settlement negotiations with Empacadora. (Alphas Decl. ¶ 4). However, those efforts failed, and on November 23, 2011, Alphas filed the instant action to appeal the Secretary of Agriculture's final decision in favor of the Complainant.

In connection with its appeal, Alphas posted a "Business Services Bond" which was issued by Western Surety Company. (Bond at p. 1). Assuming Alphas' purpose in filing the bond was to secure the reparation award against Alphas pending its appeal, the Business Services Bond provides no such security. (See Alphas Decl. ¶ 26). Rather, under the terms of the bond, Western Surety agreed to indemnify Empacadora, as Obligee, beginning on November 23, 2011,

> against direct loss of money or other property, from the premises of any and all subscribers (hereinafter called "Subscriber") to its services, and belonging to the Subscriber, or in which the Subscriber has a pecuniary interest or for which the Subscriber is legally liable, which the Subscriber shall sustain as the result of any Employee dishonesty, as hereinafter defined, of an Employee or Employees or the Obligee and for which the Obligee is liable, to an amount not exceeding One Hundred Thousand and 00/100 DOLLARS ($100,000.00), the limit of this bond.

---

[3] The October 25, 2011 Order on Reconsideration can be found at the beginning of the administrative record (Docket No. 6).

(Bond at p.1). Accordingly, under the bond, loss is covered only "if sustained through any act or acts committed by an Employee of Obligee while this bond is in force as to such Employee . . . ." (Id. § 2). In other words, the bond is an employee dishonesty bond, not a judgment bond.

Although the Business Services Bond contains an effective date of November 23, 2011, it was not filed with the court until December 1, 2011, more than thirty days after the Secretary of Agriculture denied Alphas' Petition for Reconsideration of the Reparation Order. (Docket No. 5). According to Alphas, the delay in filing the bond was attributable in part to the fact that Western Surety was unable to issue the bond until it had received a docket number from the court, and in part to the closing of the courthouse for the Thanksgiving holiday. (Alphas Decl. ¶¶ 13-17, 27). Alphas claims that it acted diligently to file the bond after obtaining the original from Western Surety Company. (Id. ¶ 28).

Additional factual details relevant to this court's analysis are described below where appropriate.

### III. ANALYSIS

#### PACA's Bond Requirement

PACA provides the district court with appellate jurisdiction to review, *de novo*, decisions of the Secretary of Agriculture. 7 U.S.C. 499g(c); C.A. Miloslavich v. Frutas del Valle de Guadalupe, 637 F. Supp. 434, 436 (S.D. Cal. 1986). Thus, a party adversely affected by a reparation order may file an appeal in the district court within 30 days of the

reparation order. Id. In order to perfect the appeal, the appellant must file a notice of appeal, together with a petition in duplicate that describes the prior proceedings before the Secretary of Agriculture and states the grounds for defeating the adverse party's right of recovery, along with proof of service upon the adverse party. Id. Additionally, the statute provides in relevant part that

> [s]uch appeal shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail.

7 U.S.C. § 499g(c). This "bond requirement assures an appellee that he can later collect his litigation expenses and judgment if the reparation award is affirmed." C.A. Miloslavich, 637 F. Supp. at 439. Accordingly, it "protects the prevailing party from suffering the consequences of any financial deterioration – including bankruptcy – experienced by the losing party during the sometimes lengthy appeals process." Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d 35, 39 (1st Cir. 2010) ("Alphas I").

"The language in section 499g(c) is unambiguous and mandatory: a party's appeal 'shall not be effective' unless the bond is timely filed." Id. (quoting 7 U.S.C. 499g(c)). "Courts have repeatedly recognized as much and held that failure to file the required bond renders a party's appeal ineffective[.]" Id. Moreover, "[t]he legislative history of Section 499g(c) confirms that noncompliance with the mandatory bond requirement negates the

effectiveness of the appeal." Id. For the reasons that follow, this court concludes that Alphas' failure to file an appropriate bond within the requisite time renders its appeal ineffective under PACA and warrants dismissal of this action.

### Alphas' Failure to Comply with the Bond Requirement

The record in the instant case establishes that Alphas has failed to comply with the bond requirement of PACA. Significantly, Alphas has failed to file a bond that would provide any security for the reparations awarded to Empacadoras in the event Alphas were to lose its appeal. Although Alphas posted a bond, it is not a judgment bond. It provides no more protection to Empacadoras than the Complainant would have if Alphas had filed no bond at all.

Alphas' bond suffers from additional defects as well. As described above, PACA requires that the bond be filed within 30 days from the date of the reparation order. However, Alphas did not file its Business Services Bond until December 1, 2011, 37 days after the denial of its Petition for Reconsideration. Additionally, Alphas' bond does not meet the statutory requirement that the appellant file a bond for double the amount of the reparation order. Although Empacadoras was awarded $65,357.94 in reparations, the coverage provided under the Business Services Bond is limited to $100,000.

### Basis for Dismissal

Empacadora argues that the bond requirement is jurisdictional, and that Alphas' failure to file the mandatory bond deprives this court of subject matter jurisdiction over Alphas' appeal. For its part, Alphas argues that the statutory requirement is not

7

necessarily jurisdictional, and that courts have some discretion to excuse strict compliance where, as here, the appellant demonstrates an intent to comply with the statutory mandate. Additionally, Alphas argues that "Empacadora has not been prejudiced by Alphas filing a bond that was effective and dated November 23, 2011 (within the thirty-day period) for an amount of security that would more than adequately protect Empacadora[.]" (Pet. Mem. at 7). Accordingly, it asks that its non-compliance be excused, and that it be permitted, in the interest of justice, to file an appropriate bond with the court.

"Courts have repeatedly held that the timely filing of a bond in the appropriate amount is a jurisdictional prerequisite for judicial review of reparation orders under PACA." Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., Civil Action No. 10-10831-PBS, 2011 WL 662723, at *3 (D. Mass. Jan. 11, 2011) (unpub. op.), and cases cited. Recently, however, in Alphas I, the First Circuit indicated that the bond requirement may not be jurisdictional. In that case, the appellee filed a motion to dismiss in which it argued that the court lacked subject matter jurisdiction over Alphas' appeal from a reparation order because Alphas had failed to timely file the mandatory bond. Alphas I, 679 F.3d at 36-37. Although Alphas did not dispute that it had failed to file a bond, it argued, as it does in this case, that the district court may excuse strict compliance with the rule on an equitable basis. Id. at 39. The First Circuit rejected Alphas' arguments and affirmed the district court's order granting the appellee's motion to dismiss. Id. at 40.

However, it did not accept the appellee's position that the bond requirement is jurisdictional and thus permits no exceptions. As the First Circuit explained:

> The topic of whether a rule is properly considered to be jurisdictional or merely a claims processing rule has been the subject of a number of Supreme Court decisions over the last several years. *See, e.g., Stern v. Marshall*, — U.S.—, 131 S. Ct. 2594, 2606-08, 180 L. Ed. 2d 475 (2011); *Bowles v. Russell*, 551 U.S. 205, 209-14, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007). Here, Congress set forth the rule that the "appeal shall not be effective" without the required bond, and while the statutory language does not frame the rule in terms of jurisdiction, a House Committee Report does. *See* H.R. Rep. No. 87-1546, at 7. Still, the bond requirement may be analogized to something more like a condition precedent, somewhat akin to the certificate of appealability in 28 U.S.C. § 2253(c)(3), which was held non-jurisdictional in *Gonzalez v. Thaler*, — U.S.—, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012), or the copyright registration requirement held non-jurisdictional in *Reed Elsevier, Inc. v. Muchnick*, — U.S.—, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010).

Id. Thus, the Court suggested that the bond requirement may not be jurisdictional.

The First Circuit found that it was unnecessary to resolve the question whether the bond requirement is jurisdictional for purposes of the case before it. Specifically, the Court concluded that

> [t]he outcome of this case ... does not turn on whether compliance with the bond requirement is viewed as jurisdictional. We are convinced that Congress has precluded a reading of the statute that allows federal courts the discretion to exercise jurisdiction absent compliance with the bond requirement. Whether there can ever be such extreme circumstances as to warrant judicial creation of an equitable exception is not a question presented in this case, since Alphas does not come close to making such a showing.

9

Id. Accordingly, the First Circuit found that Alphas' appeal was not effective, and that the district court had been correct to dismiss it. Id.

This court finds that a similar result is warranted here. As described above, "[t]he reason for the bond is to assure the appellee's ability to collect what he is owed[.]" C.A. Miloslavich, 637 F. Supp. at 439. Although Alphas made an attempt to file a bond in this matter, that bond provides no such assurance and effectively amounts to no bond at all. Moreover, the bond that Alphas did file was untimely and did not provide coverage in the amount required under PACA. As the First Circuit made clear in Alphas I, this court lacks "the discretion to exercise jurisdiction absent compliance with the bond requirement." Alphas I, 679 F.3d at 40.

Alphas nevertheless contends that it should be excused from strict compliance with the bond requirement. Specifically, it argues that because it filed a bond that exceeds the amount of the reparation award and contains an effective date within the 30 day time period set forth in PACA, Empacadora "has always had every assurance of being paid on the underlying Reparation Award" and has suffered no prejudice as a result of the Petitioner's actions. (Pet. Opp. (Docket No. 16) at 2). However, these arguments ignore the fact that Alphas filed the wrong bond, and that the Business Services Bond provides no assurance whatsoever that the Complainant will be paid on the underlying award. While courts in this jurisdiction have refused to dismiss appeals from reparation orders where there has been "substantial compliance" with the statutory mandate, they have not allowed appeals to go forward where the appellant failed to file any appropriate bond at

10

all.  See, e.g., Alphas I, 679 F.3d at 40 (affirming dismissal where appellant never undertook to file the required bond); L. Gillarde Co. v. Joseph Martinelli & Co., 168 F.2d 276, 281 (1st Cir. 1948) (declining to dismiss appeal where "there [had] been substantial compliance" and "[t]he amount of the bond [was] more than adequate in a practical sense"), amended on reh'g, 169 F.2d 60 (1st Cir. 1948); W.H. Lailer & Co. v. C.E. Jackson Co., 75 F. Supp. 827, 828 (D. Mass. 1948) (finding that "the effect of the procedural irregularity was not substantial," and refusing to dismiss appeal, where appellant performed all acts required to perfect an appeal under PACA except the filing of proof of service within 30 days).  Here, as in Alphas I, the Petitioner has not come close to showing that there are any "extreme circumstances" that would justify an equitable exception to the bond requirement.  Therefore, its appeal is not effective and must be dismissed.

## IV.  CONCLUSION

For all the reasons detailed above, this court finds that under the circumstances of this case, Alphas' failure to file a bond that meets any of the requirements of 7 U.S.C. § 499g(c) renders its appeal ineffective.  Therefore, and for all the reasons detailed herein, Empacadora's motion to dismiss is ALLOWED, and the matter is hereby dismissed with prejudice.

    / s / Judith Gail Dein  
    Judith Gail Dein  
    United States Magistrate Judge